## DUKE *v.* GRAHAM.

(*District Court, N. D. Mississippi.* March 5, 1884.).

1. CONTRACT TO ASSIGN PATENT-RIGHT—SPECIFIC PERFORMANCE—INJUNCTION.
   Where it was mutually agreed between a patentee and the inventor of an improvement upon his device that the patentee should surrender his individual right, and a new patent for the improved device should be applied for by the two parties jointly, *held* that in equity they were joint owners of the patent as improved by the subsequent invention, and that the inventor of the improvement could restrain the patentee from using his patent, except for their joint benefit.

2. SAME—JURISDICTION OF FEDERAL COURT.
   *Held, also,* that the controversy related to the patent-right itself, and was within the jurisdiction of the circuit court, without respect to diversity of citizenship.

In Equity.

*Lamar, Mayes & Branham,* for complainant.

*H. A. Barr,* for defendant.

HILL, J. This cause is submitted upon bill, answer, exhibit, and proofs, from which the following facts appear:

In 1876 the defendant, being the sole owner of the patent of what is known as the Swift cotton press, employed complainant as his agent to sell the right to erect and use said cotton press, and to manufacture and put the same up in the state of Texas. During that time complainant invented and made certain valuable improvements on said press, rendering it much more valuable. An agreement was entered into between complainant and defendant, by which it was mutually agreed that the defendant should surrender his individual right under the Swift patent, and that a new patent should be applied for, for the same invention, with the improvement of complainant—in other words, of the Swift invention as improved by complainant; the application to be made and the patent to be issued in the joint names of complainant and defendant; complainant before that time having assigned the one-half interest in his said invention to defendant.

The bill charges that defendant fraudulently represented to complainant that he could not use his invention without an infraction of the Swift patent, and that if he used it he would charge him as a royalty upon each press the sum of five dollars; and to induce complainant to transfer to him the one-half interest in his invention, he promised that the new patent named be extended for 21 years, instead of 17 years; and further charges that the defendant did not comply with his contract by the surrender of the Swift patent, but, upon the contrary, continued to manufacture and sell presses under it, to the injury of complainant. The allegation that defendant continued to manufacture presses under the Swift patent alone and in his own name is denied in the answer; and denies that he has abandoned its use since said contract, but does not know whether his solicitors, as they were authorized to do, made a formal surrender of all rights under the Swift patent. The proof on this point is not sufficient to overcome this denial in the answer. The contract was evidently a mutual

one between the parties. Complainant could not rightfully make his invention available without the benefit of that secured by the Swift patent, unless he procured a license to do so, for which he would have had to pay a royalty such as might be demanded by defendant; and defendant could not rightfully avail himself of the advantages of the invention and improvement made by complainant, without a license, and such royalty by way of compensation as complainant might demand. To obtain the benefit of the Swift invention, and to prevent its being used in any other way than in connection with his improvement and invention, was the consideration moving complainant to make the assignment, and was a good and valid consideration upon complainant's part; and to get the benefit of complainant's invention and improvement was the consideration moving defendant to agree to surrender his individual right under the Swift patent, and was a good and valid consideration, and estopped defendant from using the invention for his individual benefit, or, aside from its use, under the invention and improvement of complainant. The result is that the complainant is entitled to a decree enjoining and restraining defendant from all right under the Swift patent, or of transferring the right to make and use presses according to that invention only in connection with and as part of the invention of complainant, secured by the letters patent of November 16, 1880: provided, however, that this court has jurisdiction to maintain the bill and grant the relief prayed for, or any part thereof, which it is denied that this court has conferred upon it.

. If this had been a transaction accruing after the issuance of the letters patent, the parties both being citizens of this state, it is clear that this court would have no jurisdiction of the subject-matter of the suit, but it is a question involving the property rights, so to speak, of the defendant in the letters patent themselves, and as between the copartners themselves. The bill seeks to set aside the rights conferred upon defendant as one of the partners, and to vest the entire right in complainant. This, it seems to me, affects the patent, and also seeks to restrain the defendant from using in any way the rights conferred under the Swift patent, and which, by the understanding of the parties, was to become, in connection with complainant's improvement thereon, the joint property of complainant and defendant,—the rights secured by the letters patent issued by the government November 16, 1880,—and is essentially different from rights growing out of contracts between the patentees and third parties.

I am of opinion that this court has jurisdiction to determine the question as to the right of the parties to the rights and benefits conferred by the patent issued to them by the government, and enforce their rights by a proper decree. I am further of opinion that the complainant and defendant are in equity the joint owners of the Swift patent, or the rights secured under it as improved by the invention of complainant, and that the complainant has a right to have defendant, and all persons claiming under or through him, enjoined

and restrained from making or using cotton or hay presses as invented and made, and secured by the letters patent known as the Swift invention and patent, except as in connection with complainant's improvement, and under the rights conferred under the patent last issued. A decree will be entered accordingly, and that each party pay one-half the costs of this cause.